NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAVIRRISE BYNES,

Plaintiff - Appellant,

v.

COUNTY OF SOLANO; CHARLES OLMSTEAD,

Defendants - Appellees.

No. 24-4801

D.C. No.
2:21-cv-01537-DJC-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Argued and Submitted October 21, 2025
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

In this § 1983 deliberate-fabrication-of-evidence case, Plaintiff-Appellant Lavirrise Bynes appeals the district court's grant of summary judgment for Defendants-Appellees Solano County Sheriff's Detective Charles Olmstead and Solano County. We have jurisdiction under 28 U.S.C. § 1291 and review the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's decision de novo. *Pomares v. Dep't of Vet. Affs.*, 113 F.4th 870, 879 (9th Cir. 2024). We affirm.

To prevail on a deliberate-fabrication claim, the plaintiff must prove that "(1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). We do not address Bynes's allegation that Det. Olmstead's description of a witness statement in his incident report was a deliberate fabrication because, even if it was, Bynes has not presented evidence establishing causation. *See G and G Closed Circuit Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022) ("Where, as here, the party moving for summary judgment . . . has borne its initial burden to show that the nonmoving party . . . 'does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial,' the nonmoving party then has the burden 'to produce evidence to support its claim.'" (quoting *Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000))).

"[F]abricated evidence does not give rise to a claim if the plaintiff cannot show the fabrication actually injured her in some way." *Spencer*, 857 F.3d at 798 (citation modified). The fabrication must be both (1) the but-for cause and (2) the proximate cause of plaintiff's injury. *Id.* While the disputed evidence placed Bynes at the scene of the crime, so did ample other evidence, including Bynes's own

statement. On the record presented, we cannot conclude that there is evidence from which a jury could find "that [Bynes's] injury would not have occurred in the absence of the conduct" challenged here. *Id.*; *see also Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) ("To establish causation, [a plaintiff] must raise a triable issue that the fabricated evidence was the cause in fact and proximate cause of his injury.").

**AFFIRMED.**